JOON H. KIM
Acting United States Attorney for the
Southern District of New York
By: CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE, and THE PROTECT DEMOCRACY PROJECT,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>U.S. GENERAL SERVICES ADMINISTRATION, and<br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>                              Defendants. | 17 Civ. 6335 (KBF)<br><br>**ANSWER TO THE AMENDED COMPLAINT** |

Defendants U.S. Department of Justice ("DOJ"), U.S. Department of Homeland Security ("DHS"), U.S. General Services Administration ("GSA"), and Office of Management and Budget ("OMB") (together, "Defendants"), by their attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, hereby answer the amended complaint (Dkt. No. 12) of Plaintiffs Brennan Center for Justice and The Protect Democracy Project (together, "Plaintiffs") on information and belief as follows:

The allegations contained in the unnumbered paragraph on pages 1-2 of the amended complaint consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in the unnumbered

paragraph on pages 1-2 of the amended complaint, except admit that this action is putatively brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq.

## JURISDICTION AND VENUE[1]

1.      Paragraph 1 of the amended complaint states a legal conclusion regarding jurisdiction, to which no response is required.

2.      Paragraph 2 of the amended complaint states a legal conclusion regarding venue, to which no response is required.

## PARTIES

3.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the complaint.

5.      Admit and aver that DOJ is an agency of the executive branch of the United States government, and that the Office of Information Policy ("OIP") and Office of Legal Counsel ("OLC") are components of DOJ.  Admit that DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Admit that DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the third sentence of Paragraph 5, as DOJ's searches and analyses related to Plaintiffs' FOIA requests are ongoing.

6.      Admit and aver that DHS is an agency of the executive branch of the United States government.  Admit that DHS is headquartered at 245 Murray Lane NW, Washington, DC 20528.  Admit that DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).  Deny

---

[1] Defendants replicate the headings from Plaintiffs' complaint solely for ease of reference, without admitting the allegations set forth thereunder.

knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the third sentence of Paragraph 6, as DHS's search and analyses related to Plaintiffs' FOIA requests are ongoing.

7.      Aver that GSA is an independent agency of the United States government, *see* 40 U.S.C. § 101 et seq.  Admit that GSA is headquartered at 1800 F Street NW, Washington, DC 20405.  Admit that GSA is an "agency" within the meaning of 5 U.S.C. § 552(f).  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the third sentence of Paragraph 7, as GSA's searches and analyses related to Plaintiffs' FOIA requests are ongoing.

8.      Admit that OMB is an agency of the executive branch of the United States government.  Admit that OMB is headquartered at 725 17th Street NW, Washington, DC 20503. Admit that OMB is an "agency" within the meaning of 5 U.S.C. § 552(f).  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the third sentence of Paragraph 8, as GSA's search and analyses related to Plaintiffs' FOIA requests are ongoing.

## STATEMENT OF FACTS

### A. President Trump's Advisory Commission on Election Integrity

9.      Admit that on or about May 11, 2017, the President issued Executive Order 13799, entitled "Presidential Executive Order on the Establishment of Presidential Advisory Commission on Election Integrity," and respectfully refer the Court to that Executive Order for a complete and accurate description of its contents.

10.     Admit that Vice President Mike Pence chairs the Presidential Advisory Commission on Election Integrity ("Commission"), and that Kris Kobach serves as the Commission's vice chair.

3

11.     Admit that Hans von Spakovsky, J. Christian Adams, and Ken Blackwell are members of the Commission. The remainder of Paragraph 11 sets forth characterizations of the subject of Plaintiffs' FOIA requests, allegedly published articles, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required. To the extent a response to the remainder of Paragraph 11 is deemed required, Defendants admit only the existence of the two articles cited in footnotes 2-4 in Paragraph 11; respectfully refer the Court to those articles for complete and accurate descriptions of their contents; and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.     Paragraph 12 sets forth characterizations of the subject of Plaintiffs' FOIA requests, allegedly published articles, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit only the existence of the three articles cited in footnotes 5-7 in Paragraph 12; respectfully refer the Court to those articles for complete and accurate descriptions of their contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Paragraph 13 sets forth characterizations of the subject of Plaintiffs' FOIA requests, an allegedly published article, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit only the existence of the article cited in footnote 8 in Paragraph 13; respectfully refer the Court to that article for a complete and accurate description of its contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Paragraph 14 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no

response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Paragraph 15 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Admit that the Commission held its first meeting on or about July 19, 2017.  The remainder of Paragraph 16 sets forth characterizations of the subject of Plaintiffs' FOIA requests, an allegedly published article, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response to the remainder of Paragraph 16 is deemed required, Defendants admit only the existence of the article cited in footnote 9 in Paragraph 16; respectfully refer the Court to that article for a complete and accurate description of its contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 16.

17.     Paragraph 17 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Admit and aver that the Commission has announced that it will hold a meeting on September 12, 2017.  Admit the existence of the article cited in footnote 10 in Paragraph 18, and respectfully refer the Court to that article for a complete and accurate description of its contents.

19.     Paragraph 19 sets forth characterizations of the subject of Plaintiffs' FOIA requests, allegedly published articles, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required,

Defendants admit only the existence of the two articles cited in footnotes 11-12 in Paragraph 19; respectfully refer the Court to those articles for complete and accurate descriptions of their contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Paragraph 20 sets forth characterizations of the subject of Plaintiffs' FOIA requests, an allegedly published article, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants admit only the existence of the article cited in footnote 13 in Paragraph 20; respectfully refer the Court to that article for a complete and accurate description of its contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     The first sentence of Paragraph 21 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21.  The second sentence of Paragraph 21 sets forth characterizations of the subject of Plaintiffs' FOIA requests, an allegedly published article, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants admit only the existence of the article cited in footnote 14 in Paragraph 21 and respectfully refer the Court to that article for a complete and accurate description of its contents.

22.     Paragraph 22 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no

response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Paragraph 23 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Paragraph 24 sets forth characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

**B. Plaintiffs' FOIA Requests and Defendants' Responses**

26.     Deny the allegations in Paragraph 26 and aver that Plaintiffs submitted at least nine FOIA requests to Defendants.

*i.     DOJ Office of Information Policy and Office of Legal Counsel*

27.     Admit that on or about May 15, 2017, Plaintiffs sent FOIA requests to OIP and OLC, and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

28.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 28, as DOJ's searches and analyses related to Plaintiffs' FOIA requests are ongoing.  The remainder of Paragraph 28 sets forth characterizations of the subject of Plaintiffs' FOIA requests, allegedly published articles, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response

is deemed required, Defendants admit only the existence of the articles cited in footnotes 15-16 in Paragraph 28; respectfully refer the Court to those articles for complete and accurate descriptions of their contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 28.

29.     Paragraph 29 consists of excerpts and/or characterizations of Plaintiffs' May 15, 2017, FOIA requests to OIP and OLC.  Defendants admit the existence of these May 15, 2017, FOIA requests and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

30.     Admit that Plaintiffs requested expedited processing in their May 15, 2017, FOIA requests to OIP and OLC, and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

31.     Admit that Plaintiffs requested fee waivers in their May 15, 2017, FOIA requests to OIP and OLC, and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

32.     Paragraph 32 consists of excerpts and/or characterizations of OIP's May 25, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' May 15, 2017, FOIA request.  Defendants admit the existence of this May 25, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

33.     Paragraph 33 consists of excerpts and/or characterizations of OLC's June 8, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' May 15, 2017 FOIA request.  Defendants admit the existence of this June 8, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

34.     Admit that on or about July 25, 2017, Plaintiffs sent FOIA requests to OIP, OLC, and DOJ's Civil Rights Division ("CRT"), and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

35.     Paragraph 35 consists of excerpts and/or characterizations of Plaintiffs' July 25, 2017, FOIA requests to OIP, OLC, and CRT.  Defendants admit the existence of these July 25, 2017, FOIA requests and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

36.     Admit that Plaintiffs requested expedited processing in their July 25, 2017, FOIA requests to OIP, OLC, and CRT, and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

37.     Admit that Plaintiffs requested fee waivers in their July 25, 2017, FOIA requests to OIP, OLC, and CRT, and respectfully refer the Court to those requests for complete and accurate descriptions of their contents.

38.     Paragraph 38 consists of excerpts and/or characterizations of OIP's August 2, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' July 25, 2017, FOIA request. Defendants admit the existence of this August 2, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

39.     Paragraph 39 sets forth legal conclusions, to which no response is required.

40.     Paragraph 40 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 40 and aver that DOJ's efforts in response to Plaintiffs' FOIA requests are ongoing.

    *ii.*   *DHS*

41.     Admit that on or about May 17, 2017, Plaintiffs sent a FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

42.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 42, as DHS's search and analyses related to Plaintiffs' FOIA requests are ongoing.  The remainder of Paragraph 42 sets forth characterizations of the subject of Plaintiffs' FOIA requests, allegedly published articles, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants admit only the existence of the articles cited in footnotes 17-20 in Paragraph 42; respectfully refer the Court to those articles for complete and accurate descriptions of their contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 42.

43.     Paragraph 43 consists of excerpts and/or characterizations of Plaintiffs' May 17, 2017, FOIA request to DHS.  Defendants admit the existence of this May 17, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

44.     Admit that Plaintiffs requested expedited processing in their May 17, 2017, FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

45.     Admit that Plaintiffs requested fee waivers in their May 17, 2017, FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

46.     Paragraph 46 consists of excerpts and/or characterizations of DHS's May 19, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' May 17, 2017, FOIA request. Defendants admit the existence of this May 19, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

47.     Admit that on or about July 25, 2017, Plaintiffs sent a second FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

48.     Paragraph 48 consists of excerpts and/or characterizations of Plaintiffs' July 25, 2017, FOIA request to DHS.  Defendants admit the existence of this July 25, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

49.     Admit that Plaintiffs requested expedited processing in their July 25, 2017, FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

50.     Admit that Plaintiffs requested fee waivers in their July 25, 2017, FOIA request to DHS, and respectfully refer the Court to that request for a complete and accurate description of its contents.

51.     Paragraph 51 consists of excerpts and/or characterizations of DHS's July 28, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' July 25, 2017, FOIA request. Defendants admit the existence of this July 28, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

52.     Paragraph 52 consists of characterizations of DHS's August 7, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' July 25, 2017, FOIA request.  Defendants admit the existence of this August 7, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.  Defendants aver that DHS mistakenly assigned an additional case reference number (ending in 1158) to Plaintiffs' July 25, 2017, FOIA request, and that DHS has since closed that additional case.

53.     Paragraph 53 sets forth legal conclusions, to which no response is required.

54.     Paragraph 53 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 53 and aver that DHS's efforts in response to Plaintiffs' FOIA requests are ongoing.

  *iii.* *GSA*

55.     Admit that on or about May 17, 2017, Plaintiffs sent a FOIA request to GSA, and respectfully refer the Court to that request for a complete and accurate description of its contents.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 56, as GSA's searches and analyses related to Plaintiffs' FOIA requests are ongoing.  The remainder of Paragraph 56 sets forth characterizations of the subject of Plaintiffs' FOIA requests, the President's Executive Order establishing the Commission, and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants admit the existence of the President's Executive Order establishing the Commission; respectfully refer the Court to that Order for a complete and accurate description of its contents; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 56.

57.     Paragraph 57 consists of excerpts and/or characterizations of Plaintiffs' May 17, 2017, FOIA request to GSA.  Defendants admit the existence of this May 17, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

58.     Admit that Plaintiffs requested expedited processing in their May 17, 2017, FOIA request to GSA, and respectfully refer the Court to that request for a complete and accurate description of its contents.

59.     Admit that Plaintiffs requested fee waivers in their May 17, 2017, FOIA request to GSA, and respectfully refer the Court to that request for a complete and accurate description of its contents.

60.     Deny the allegations in Paragraph 60 of the amended complaint, and aver that on or about July 18, 2017, GSA sent a letter to Plaintiffs acknowledging receipt of Plaintiff's May 17, 2017, FOIA request.

61.     Deny the allegations in Paragraph 61 of the amended complaint, and aver that GSA's efforts in response to Plaintiffs' FOIA requests are ongoing.

62.     Deny the allegations in Paragraph 62 of the amended complaint, and aver that GSA's efforts in response to Plaintiffs' FOIA requests are ongoing.

63.     Deny the allegations in Paragraph 63 of the amended complaint, and aver that GSA's efforts in response to Plaintiffs' FOIA requests are ongoing.

64.     Paragraph 64 sets forth legal conclusions, to which no response is required.

65.     Paragraph 65 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 65 and aver that GSA's efforts in response to Plaintiffs' FOIA requests are ongoing.

66.     Paragraph 66 consists of excerpts and/or characterizations of Plaintiffs' July 25, 2017, FOIA request to GSA.  Defendants admit that, on or about July 25, 2017, Plaintiffs sent GSA a second FOIA request, and respectfully refer the Court to that request for a complete and accurate description of its contents.

67.     Admit that Plaintiffs requested expedited processing in their July 25, 2017, FOIA request to GSA, and respectfully refer the Court to that request for a complete and accurate description of its contents.

68.     Admit that Plaintiffs requested fee waivers in their July 25, 2017, FOIA request to GSA, and respectfully refer the Court to that request for a complete and accurate description of its contents.

69.     The first sentence of Paragraph 69 consists of a characterization of GSA's July 27, 2017, letter to Plaintiffs acknowledging receipt of Plaintiffs' July 25, 2017 FOIA request. Defendants admit the existence of this July 27, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.  Admit that GSA subsequently granted Plaintiffs' request for expedited processing and fee waivers.

70.     Paragraph 70 sets forth legal conclusions, to which no response is required.

71.     Paragraph 71 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 71 and aver that GSA's efforts in response to Plaintiffs' FOIA requests are ongoing.

   iv.   OMB

72.     Admit that on or about May 17, 2017, Plaintiffs sent a FOIA request to OMB, and respectfully refer the Court to that request for a complete and accurate description of its contents.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 73, as OMB's search and analyses related to Plaintiffs' FOIA requests are ongoing.  The remainder of Paragraph 73 sets forth legal conclusions, characterizations of the subject of Plaintiffs' FOIA requests and/or allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.

74.     Paragraph 74 consists of excerpts and/or characterizations of Plaintiffs' May 17, 2017, FOIA request to OMB.  Defendants admit the existence of this May 17, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

14

75.     Admit that Plaintiffs requested expedited processing in their May 17, 2017, FOIA request to OMB, and respectfully refer the Court to that request for a complete and accurate description of its contents.

76.     Admit that Plaintiffs requested fee waivers in their May 17, 2017, FOIA request to OMB, and respectfully refer the Court to that request for a complete and accurate description of its contents.

77.     Admit that on or about May 18, 2017, OMB sent an e-mail to Plaintiffs acknowledging receipt of Plaintiffs' May 17, 2017, FOIA request, and respectfully refer the Court to that e-mail for a complete and accurate description of its contents.  Admit that OMB has not yet responded to Plaintiffs' requests for expedited processing or for a fee waiver.

78.     Paragraph 78 consists of excerpts and/or characterizations of Plaintiffs' July 25, 2017, FOIA request to OMB.  Defendants admit the existence of this July 25, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

79.     Admit that Plaintiffs requested expedited processing in their July 25, 2017, FOIA request to OMB, and respectfully refer the Court to that request for a complete and accurate description of its contents.

80.     Admit that Plaintiffs requested fee waivers in their July 25, 2017, FOIA request to OMB, and respectfully refer the Court to that request for a complete and accurate description of its contents.

81.     Admit that on or about July 27, 2017, OMB sent an e-mail to Plaintiffs acknowledging receipt of Plaintiffs' July 25, 2017, FOIA request, and respectfully refer the Court to that e-mail for a complete and accurate description of its contents.  Admit that OMB has not yet responded to Plaintiffs' requests for expedited processing or for a fee waiver.

82.     Paragraph 82 sets forth legal conclusions, to which no response is required.

83.     Paragraph 83 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 83 and aver that OMB's efforts in response to Plaintiffs' FOIA requests are ongoing.

## COUNT I

84.     Defendants reallege and incorporate their answers to Paragraphs 1 through 83 as though fully set forth herein.

85.     Paragraph 85 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 85.

## COUNT II

86.     Defendants reallege and incorporate their answers to Paragraphs 1 through 85 as though fully set forth herein.

87.     Paragraph 87 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 87.

## REQUESTED RELIEF

The remainder of the amended complaint sets forth Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief whatsoever from Defendants.

\*     \*     \*

Except to the extent explicitly admitted or qualified above, Defendants deny each and every allegation of the complaint.  Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

16

**DEFENSES**

<u>FIRST DEFENSE</u>

Plaintiffs fail to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

Plaintiffs are not entitled to compel the production of records protected from disclosure by any applicable FOIA exemption or exclusion, *see* 5 U.S.C. § 552(b).

<u>THIRD DEFENSE</u>

Some or all of the requested records are not agency records subject to FOIA, *see* 5 U.S.C. § 552(a)(4)(B).

<u>FOURTH DEFENSE</u>

Defendants are exercising due diligence in processing Plaintiffs' FOIA requests and acting in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiffs' FOIA requests.

<u>FIFTH DEFENSE</u>

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

<u>SIXTH DEFENSE</u>

Plaintiffs' FOIA requests do not reasonably describe the records sought.

<u>SEVENTH DEFENSE</u>

Plaintiffs are not entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E).

<u>EIGHTH DEFENSE</u>

Plaintiffs are not entitled to fee waivers under 5 U.S.C. § 552(a)(4)(A).

\*        \*        \*

Defendants may have additional defenses which are presently unknown but ascertained through discovery.  Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the amended complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper, including costs and disbursements.

Date:   New York, New York
        October 11, 2017                   JOON H. KIM
                                           Acting United States Attorney for the
                                           Southern District of New York
                                           *Attorney for the United States of America*


                                   By:   /s/ *Casey K. Lee*
                                         CASEY K. LEE
                                         Assistant United States Attorney
                                         86 Chambers Street, Third Floor
                                         New York, New York 10007
                                         Tel.: (212) 637-2714
                                         Fax: (212) 637-2686
                                         casey.lee@usdoj.gov