

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 21, 2017

By ECF

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Brennan Center for Justice et al. v. U.S. Dep't of Justice et al.*, 17 Civ. 6335 (KBF)

Dear Judge Forrest:

      This Office represents Defendants in the above-referenced Freedom of Information Act ("FOIA") matter, in which an initial conference is scheduled for today at 1:00 p.m. *See* Dkt. No. 23. I write in response to Plaintiffs' six-page, single-spaced, 2900-plus-word letter purporting to state its "position" regarding a schedule for Defendants' review and production of records properly releasable under FOIA. *See* Dkt. No. 25. On top of violating Your Honor's explicit three-page limit on letters submitted to the Court, *see* Individual Rules of Practice § 1.B,[1] Plaintiffs' letter amounts to a full-blown application for a preliminary injunction imposing an accelerated review and production schedule. That application should be rejected.

      <u>Plaintiffs' Proposed Deadlines Are Unreasonable and Infeasible</u>. Far from being "generous and reasonable," *see* Dkt. No. 25 at 1, 4, Plaintiffs' proposed schedule is simply infeasible and disregards the complexity of the analysis, multi-agency review, and coordination required here, as well as the competing demands of the unprecedented number of FOIA requests and lawsuits—many equally pressing, and often involving court-ordered deadlines—that Defendants are now facing. Plaintiffs' proposal would require that their requests jump the queue over other pressing demands and would be incompatible with schedules ordered by other courts.

      Contrary to Plaintiffs' assertions, Defendants' proposed schedule does not push the production of records "until April 2018 or later." Dkt. No. 25 at 4. Rather, Defendants are making diligent, good faith efforts to process Plaintiffs' FOIA requests; through these efforts, Defendants expect to produce records to Plaintiffs on a continuing basis, beginning as early as January 2018.[2] And Defendants are doing so despite the substantial strain in their resources due

---

[1] Plaintiffs have not obtained leave by the Court to file a letter that exceeds "three (3) single-spaced pages in length" as required by Your Honor's Individual Rules. Individual Rules of Practice § 1.B.

[2] Two agencies, the Department of Justice's Civil Rights Division ("DOJ-CRT") and the General Services Administration ("GSA"), presently anticipate making their productions by January 26, 2018. *See* Dkt. No. 24 at 1. The Office of Management and Budget ("OMB"), in turn, expects to make its production by the end of February

to the significant increase in both the number of FOIA requests the agencies have received, as well as the number of FOIA requests currently in litigation.  For example, DOJ-OIP, whose FOIA staff is comprised of approximately five full-time attorneys and one part-time attorney, is currently involved in over 60 pending FOIA litigations—an all-time high for that agency—with court-ordered deadlines for approximately 10 FOIA productions and five summary-judgment-related filings set before December 31, 2017.  DOJ-OIP also received approximately 2,800 FOIA requests during FY 2017 (up from about 1,800 in FY 2016), and is currently on pace to receive an even greater number of FOIA requests during FY 2018.  Similarly, DOJ-OLC, a small component whose FOIA staff is one full-time and two part-time employees, received about 280 FOIA requests in FY 2017 (more than double the previous high of about 130 such requests), and is involved in approximately 16 pending FOIA litigations—more than the three previous years combined.  DOJ-OLC was working to meet deadlines this month in about eight ongoing FOIA litigations, is making ongoing rolling productions in other matters, and has upcoming deadlines for several more matters in December 2017 and January 2018.  For these reasons, Plaintiffs' proposed production deadlines are infeasible; Defendants should be permitted to make their productions pursuant to a schedule that allows them to meet their obligations in other pending FOIA matters.

      Consequently, Plaintiffs' dismissal of Defendants' production burdens (*see* Dkt. No. 25 at 3-4) is unduly myopic.  In addition to the considerations discussed above, Plaintiffs take an overly simplistic view of the tasks Defendants must undertake to process Plaintiffs' FOIA requests.  Among other things, Defendants' productions will require a coordinated response in two respects:  *First*, the agencies have multiple FOIA requests requesting information related to the Voting Commission, and are aiming to respond to all of those requests at once, rather than piecemeal.  For example, DOJ-OIP has approximately 20 FOIA requests related to the Voting Commission, while GSA has approximately 13 such requests.  *Second*, after responsiveness review and processing, Defendants will need extra time to permit consultation with or review by equity holders to ensure that records are properly disclosed under FOIA.  Thus, Defendants' forthcoming responses cannot be fairly characterized as a rote review and subsequent piecemeal production of documents.

      Separate from the infeasibility of the schedule Plaintiffs propose, FOIA does not entitle Plaintiffs to the schedule they seek.  To start, Plaintiffs' reliance on FOIA's 20-day response deadline is misplaced.  Dkt. No. 25 at 3 (citing 5 U.S.C. § 552(a)(6)(A)(i)).  This provision only requires an agency to determine "whether to comply with a FOIA request" within 20 working days—not make a production within that timeframe.  *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 186, 189 (D.C. Cir. 2013).  The impact of missing this deadline relates only to the FOIA requestor's ability to bring suit.  *Id.* at 189.  "As to actual production, FOIA requires that the agency make the records 'promptly available.'"  *Id.* at 188.  This "typically would mean within days or a few weeks of a '*determination*,' not months or years."  *Id.* (emphasis added).  And where (as in this case) a FOIA requestor has brought suit, "the agency may continue to process the request, and the court . . . will supervise the agency's ongoing progress, ensuring that the

---

2018.  *Id.* at 2.  The Department of Homeland Security ("DHS") expects to begin production on a rolling basis in March 2018, while the Department of Justice's Office of Information Policy ("DOJ-OIP") anticipates completing its production by April 2018, *id.*, and is working to make an interim production before that timeframe.   The Department of Justice's Office of Legal Counsel ("DOJ-OLC") recently completed its initial search, and estimates that it will need roughly six to eight months to complete its production.

agency continues to exercise due diligence in processing the request." *Id.* at 189.  The timetable Defendants have proposed permit the Court to do so here.  Nor does Plaintiffs' putative entitlement to expedited review compel adopting the rushed schedule Plaintiffs seek.  FOIA's expedited processing provision does not require an agency to complete processing within any specified timeframe.  Rather, it directs agencies to process FOIA requests "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii); *see also* 28 C.F.R. § 16.5(e)(4).  What is "practicable," in turn, naturally depends on the circumstances surrounding Defendants' efforts to respond to Plaintiffs' FOIA requests.  As explained above, those circumstances foreclose adopting Plaintiffs' proposed deadlines.  *See EPIC v. DOJ*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006) (agency may establish that proposed timetable is not feasible if it "presents credible evidence that disclosure within such time period is truly not practicable").

   <u>Plaintiffs Fail to Identify an Irreparable Harm</u>.  Plaintiffs also fail to identify any exigency resulting in irreparable harm if this Court does not impose the breakneck deadlines they demand.  At bottom, Plaintiffs fail to articulate why the records they seek, "intended to shed light upon the origins and operations of the Voting Commission," Dkt. No. 25 at 4, must be produced before that Commission issues its recommendations.  The Voting Commission and its work unquestionably are important, but Plaintiffs and the public can and will vigorously debate issues the Commission is considering whether or not all FOIA releases here are complete, and Defendants' proposed schedule will provide records in ample time to inform that debate.  Moreover, a requestor's "general interest in being able to engage in an ongoing public debate using information that it has requested under FOIA is not sufficient to establish that irreparable harm will occur unless the [requestor] receives immediate access to that information."  *EPIC v. DOJ*, 15 F. Supp. 3d 32, 46-47 (D.D.C. 2014).  Nor do Plaintiffs identify an imminent, actual injury certain to occur that "will directly result from the action which the [requestor] seeks to enjoin."  *Id.* at 44.  Plaintiffs instead speculate on the effects that the Commission's recommendations—to be issued at some indeterminate time in 2018 or 2019, *see* Dkt. No. 24 at 2-3—will have.  But the potential consequences of the Voting Commission (in addition to being speculative) cannot be said to turn on the timing of Defendants' FOIA releases in this case.

   In short, Plaintiffs conflate the *importance* of the subject matter of their FOIA requests with a supposed *urgency* to have all productions completed before the Voting Commission issues its recommendations.  That does not constitute an irreparable harm.

*     *     *

   For the foregoing reasons, Defendants respectfully request that the Court reject Plaintiffs' proposed deadlines, and permit Defendants to proceed as they propose in the parties' November 15, 2017, joint letter.  *See* Dkt. No. 24.  If the Court is inclined to grant Plaintiffs' requested deadlines, Defendants respectfully request that they have the opportunity to brief the relevant issues further pursuant to the mutually agreed upon schedule set forth in the parties' joint letter.  *See id.*

   I thank the Court for its attention to this matter.

                Respectfully submitted,

                JOON H. KIM
                Acting United States Attorney for the
                Southern District of New York

By:    */s/ Casey K. Lee*
        CASEY K. LEE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel.: (212) 637-2714
        Fax: (212) 637-2686
        casey.lee@usdoj.gov

cc:    Counsel for Plaintiffs (by ECF)