919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

JENNER&BLOCK LLP

Jeremy M. Creelan
Tel  212 891-1678
jcreelan@jenner.com

December 7, 2017

**VIA ECF**

Honorable Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Brennan Center for Justice, et al. v. Dep't of Justice, et al.*, No. 17-cv-6335 (KBF)

Dear Judge Forrest:

We submit this letter on behalf of our clients, Plaintiffs Brennan Center for Justice at New York University School of Law ("Brennan Center") and The Protect Democracy Project ("Protect Democracy") (collectively, "Plaintiffs"), in response to the Government's December 4, 2017 letter to the Court ("Letter").  Dkt. No. 31.  Plaintiffs agree to three of Defendants' proposed production timelines, and respectfully request that the Court direct the remaining three Defendants to complete production by February 28, 2018.  Specifically, Plaintiffs expect to move for a preliminary injunction to compel a more expeditious production from the other three Defendants.[1]

**Agreed Production Schedules.**  Plaintiffs agree to the proposed production schedules provided by the Department of Justice's ("DOJ's") Civil Rights Division ("DOJ-CRT") (records to be produced by December 31, 2017 with complete production by January 26, 2018), the General Services Administration ("GSA") (records to be produced by December 31, 2017 with release of non-exempt portions of responsive records by end of February 2018), and the Office of Management and Budget ("OMB") (records to be produced by January 31, 2018).  Plaintiffs will work with these Defendants upon completion of document production to attempt to resolve any disputes regarding the sufficiency of their productions and asserted exemptions.

**The Court Should Compel the Remaining Defendants to Make Complete Document Production by February 28, 2018.**  The proposed production schedules for the remaining three Defendants are untenable: DOJ's Office of Information Policy ("DOJ-OIP") (production to begin by January 31, 2018 with completion by March 31, 2018), DOJ's Office of Legal Counsel ("DOJ-OLC") (interim production expected by December 31, 2017 and complete production by end of March 2018); and the Department of Homeland Security ("DHS") (production to begin by January 31, 2018 with an expected completion of July 2018).  As explained below and in Plaintiffs'

---

[1] Plaintiffs do not contest Defendants' position on the permissibility of an "escrowed" FOIA production.  *See* Letter at 2–3.

Honorable Katherine B. Forrest
Page 2

November 20, 2017 letter to the Court, Dkt. No. 25 at 4–6, these production schedules would effectively moot Plaintiffs' FOIA requests. Plaintiffs respectfully request that the Court direct DOJ-OIP, DOJ-OLC, and DHS to complete document production by February 28, 2018—one month later than Plaintiffs' initial proposal for DOJ-OLC and DHS, and two months later than Plaintiffs' initial proposal for DOJ-OIP, Dkt. No. 25 at 3. February 28 represents the latest production deadline that would not jeopardize the core rationale of this lawsuit—timely dissemination of information to the public regarding the Presidential Advisory Commission on Election Integrity (the "Voting Commission") and its activities.

Federal courts regularly require agencies to produce records by a date certain in FOIA cases. *See, e.g., Electronic Privacy Information Ctr. v. Department of Justice*, 416, F. Supp. 2d 30, 35 (D.D.C. 2006); *Washington Post v. Department of Homeland Sec.*, 459 F. Supp. 2d 62, 66 (D.D.C. 2006). Such preliminary injunctive relief is appropriate where the moving party demonstrates "a clear or substantial likelihood of success" and "irreparable harm." *Doe v. Gonzales*, 386 F. Supp.2d 66, 71–72 (D. Conn. 2005) (citing *Beal v. Stern*, 184 F.3d 117, 122-23 (2d Cir. 1999)) (internal quotations and citations omitted). Plaintiffs conclusively satisfy both factors.

*First,* Plaintiffs are likely to succeed on the merits. A preliminary injunction in a FOIA case is "appropriate where a requesting party has established that its requests are entitled to expedited processing under the Act, and the government fails to process them in a timely manner." *Electronic Frontier Found. v. ODNI*, 542 F. Supp. 2d 1181, 1185 (N.D. Cal. 2008). Plaintiffs satisfy these criteria. Plaintiffs are entitled to expedited processing of each of their FOIA requests because, as detailed in their November 20 letter, Dkt. No. 25 at 4, and granted by Defendants DOJ-OLC, DHS, and GSA, Am. Compl. ¶¶ 33, 46, 52, 69, there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v), and the requests concern "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," 6 C.F.R. § 5.5(e)(1); 28 C.F.R. § 16.5(e)(1). In addition, Defendants' proposed production timelines are untimely and do not satisfy the statutory imperative to make records "promptly available." 5 U.S.C. § 552(a)(6)(C)(ii). As courts have explained, "promptly available" "typically would mean within days or a few weeks . . . not months or years." *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, 236 F. Supp. 3d 810, 815 (S.D.N.Y. 2017).

While Defendants proffer a "sharp increase" in FOIA requests to support their extended production schedule, Letter at 4, they have not explained how they have responded diligently in adjusting to the "new normal."[2] Defendants cannot avoid the duty placed on them by the

---

[2] Defendants have yet to quantify the purported "sharp increase" in FOIA requests. In the final few years of the Obama administration, the Office of Information Policy repeatedly reported a "record high" number of FOIA requests, and Defendants have not demonstrated that the current volume of requests truly represents an aberration. Department of Justice, Office of Information Policy, *Summary of Fiscal Year 2016 Annual FOIA Reports Published*, May 3, 2017, https://www.justice.gov/oip/blog/summary-fiscal-year-2016-annual-foia-reports-published; Department of Justice, Office of Information Policy, *Summary of Fiscal Year 2015 Annual FOIA Reports Published*, March 17, 2016, https://www.justice.gov/oip/blog/summary-fiscal-year-2015-annual-foia-reports-published.

Honorable Katherine B. Forrest
Page 3

Legislative Branch by failing to allocate adequate resources to priority items. *See* Dkt. No. 29 ("Tr.") at 18:3-14; *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 617-19 (D.C. Cir. 1976) (Leventhal, J. concurring). For example, per the Joint Letter dated November 15, 2017, Dkt. No. 24, DHS identified only approximately 2,500 potentially responsive documents. Assuming this figure remains accurate, Plaintiffs' proposed production deadline of February 28, 2018 is eminently reasonable, and would require DHS to review its reported 2,500 responsive records at a rate of fewer than 50 documents per business day—not much faster than the roughly 15 documents per business day required by Defendants' proposed July deadline.

In addition, Defendants misconstrue Plaintiffs' point that they have failed to respond to the requests within the 20-day statutory deadline, including an additional 10 days for "unusual circumstances" under 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). Dkt. No. 31 at 4. Plaintiffs have been extraordinarily patient since filing their initial requests *seven months ago*. Defendants' inability to meet clearly defined statutory deadlines for processing demonstrates the need for this Court to intervene and order prompt production, lest the Government continue to violate Congress's requirement that documents responsive to FOIA requests be made "promptly available." 5 U.S.C. § 552(a)(6)(C)(ii).

*Second*, the substantial delay in production contemplated by Defendants would result in irreparable harm. As Plaintiffs explained in their November 20 letter to the Court, the pace of the Voting Commission's work and the anticipated ramifications of that work necessitate a timely production. Dkt. No. 25 at 2–3. The Voting Commission plans to hold at least three additional meetings by April 2018,[3] the White House has formally announced that the Voting Commission is expected to make its final recommendations as early as May 2018,[4] and the President has publicly stated that he hopes to publicize the Voting Commission's report "as soon as possible."[5]

The statements of the Voting Commission's leadership and the President himself, in concert with the Voting Commission's actions to date, indicate that the goal of the Voting Commission is to recommend the imposition of new barriers to the exercise of the franchise. *See* Am. Compl. ¶ 13. Plaintiffs need to receive the requested information in time to inform the public and respond to the Voting Commission's recommendations before those recommendations result in irreversible consequences to the nation's democracy. Defendants must complete their productions no later than the end of February 2018 to allow Plaintiffs sufficient time to analyze and, if necessary, bring potential challenges to the sufficiency of those productions. As the Court recognized in the November 21 conference, a production schedule that does not provide the Plaintiffs with responsive records in time to respond effectively to the Voting Commission would

---

[3] The White House, Presidential Advisory Commission on Election Integrity, *Meeting Minutes: Public Meeting of Wednesday, July 19, 2017*, July 19, 2017, https://www.whitehouse.gov/sites/whitehouse.gov/files/documents/Minutes%20for%20July%2019,%202017%20Public%20Meeting.pdf. (Vice Chair Kobach explaining the Voting Commission's plans to hold "four more public meetings in the next nine months or so").

[4] The White House, Office of the Press Secretary, *President Announces Formation of Bipartisan Presidential Commission on Election Integrity*, May 11, 2017, https://www.whitehouse.gov/the-press-office/2017/05/11/president-announces-formation-bipartisan-presidential-commission.

[5] The White House, Office of the Press Secretary, *Remarks by President Trump and Vice President Pence at the Presidential Advisory Commission on Election Integrity Meeting*, July 19, 2017, https://www.whitehouse.gov/the-press-office/2017/07/19/remarks-president-trump-and-vice-president-pence-presidential-advisory.

"end up mooting the FOIA request by virtue of the delay." Dkt. No. 29 at 19:19-20. This practical abrogation of FOIA represents a clear and irreparable harm.

As Plaintiffs noted in their November 20 letter, when faced with similarly urgent situations, courts have regularly granted preliminary injunctions mandating production by a date certain. Dkt. No. 25 at 5 (collecting cases). A preliminary injunction is the recognized remedy in situations where a delayed FOIA production would threaten demonstrable and irreparable harm. Accordingly, Plaintiffs respectfully request that the Court direct Defendants to complete all document production by February 28, 2018.

**Proposed Briefing Schedule.** If the Court concludes formal briefing is necessary in order to set a production deadline, the parties would jointly agree to the following briefing schedule to resolve the dispute regarding production schedule and required *Vaughn* indices[6]:

- Plaintiffs to file a preliminary injunction motion no later than December 22, 2017.
- Defendants to file any opposition no later than January 12, 2018.
- Plaintiffs to file any reply no later than January 19, 2018.

\* \* \*

For the reasons set forth above, Plaintiffs respectfully request that the Court order Defendants to complete production of responsive records by February 28, 2018. In the alternative, Plaintiffs request the Court allow briefing on a preliminary injunction in accordance with the agreed schedule set forth above.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jeremy M. Creelan
Jeremy M. Creelan

cc: Assistant United States Attorney Casey Kyung-Se Lee

---

[6] Plaintiffs submit that the parties' preliminary injunction briefing should not interfere with the Defendants' interim productions.