UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                              :

BRENNAN CENTER FOR JUSTICE and THE   :
PROTECT DEMOCRACY PROJECT,          :
                              :
                 Plaintiffs,      :
                              :
               -v-               :
                              :
U.S. DEPARTMENT OF JUSTICE, U.S.       :
DEPARTMENT OF HOMELAND SECURITY,   :
OFFICE OF MANAGEMENT AND BUDGET,   :
and U.S. GENERAL SERVICES           :
ADMINISTRATION,                  :
                              :
                 Defendants.    :
                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2018

17-cv-6335 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Plaintiffs Brennan Center for Justice and the Protect Democracy Project (collectively, "Brennan Center" or "plaintiffs") commenced this action on August 21, 2017, seeking disclosure of records relating to the Presidential Advisory Commission on Election Integrity (the "Commission") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (See generally Compl., ECF No. 1.) Currently before the Court is plaintiffs' motion for a preliminary injunction requiring the Department of Homeland Security ("DHS") to complete its disclosure not later than February 28, 2018. (ECF Nos. 33, 40.) For the reasons stated below, plaintiffs' motion is DENIED.

I.    BACKGROUND

The following factual assertions are drawn from plaintiffs' complaints in this action, and are presumed true for purposes of the present motion.

Plaintiffs are public interest organizations focused on, <u>inter alia</u>, voting rights and open access to government.  (<u>See</u> Compl. ¶¶ 3-4.)  They commenced this FOIA action on August 21, 2017, seeking disclosure of certain records relating to the Presidential Advisory Commission on Election Integrity (the "Commission"), which was established by President Trump to "study the registration and voting process used in Federal elections."  (<u>Id.</u> ¶ 8.)  Plaintiffs, citing public statements by President Trump and certain members of the Commission, allege that the Commission's true purpose was to "substantiate the President's conviction . . . that voter fraud is rampant in U.S. elections" and to "justify legislative changes to impose new barriers to exercising the franchise."  (<u>Id.</u> ¶¶ 11-12.)

The operative complaint seeks records from the U.S. Department of Justice ("DOJ")[1], the U.S. Department of Homeland Security ("DHS"), the Office of Management and Budget ("OMB"), and the U.S. General Services Administration ("GSA").  (<u>See generally</u> First Amend. Compl. ("FAC"), ECF No. 12.)  Plaintiffs allege, in sum, that: (1) they submitted multiple FOIA requests to the named agencies; (2) they requested expedited processing pursuant to 5 U.S.C.

---

[1] Within DOJ, plaintiffs seek records from the Office of Information Policy ("DOJ-OIP"), the Office of Legal Counsel ("DOJ-OLC"), and the Civil Rights Division ("DOJ-CRD").  (<u>See</u> FAC ¶¶ 27-40.)

§ 552(a)(6)(E) and 28 C.F.R. § 16.5(e); and (3) the named agencies had failed to make the "required determinations and notifications" under FOIA. (Id.)

Following a hearing on November 21, 2017 in which the parties were unable to agree on a timetable for the requested productions (ECF No. 29), plaintiffs filed what amounts to a motion for a preliminary injunction (ECF No. 33). Plaintiffs agreed to the proposed production schedules for DOJ-CRT, GSA, and OMB, but requested an order compelling defendants DOJ-OIP, DOJ-OLC, and DHS to complete document production not later than February 28, 2018. (Id. at 1-2.) According to plaintiffs, any further delay in production from those defendants would "effectively moot Plaintiff's FOIA requests," since the Commission was scheduled to "make its final recommendations as early as May 2018." (Id. at 2-3.)

Defendants filed an opposition on December 22, 2017, arguing that the proposed production deadlines for DOJ-OIP and DOJ-OLC (end of March, 2018) and DHS (end of July, 2018) were "eminently reasonable," and that plaintiffs had "fail[ed] to fulfill the exacting burden for the grant of mandatory preliminary relief against government agencies." (ECF No. 37 at 1.) Plaintiffs replied on December 29, 2017, reiterating their earlier arguments that the proposed production deadlines would moot the relief requested and would "contravene FOIA's mandate to make records promptly available." (ECF No. 38.)

Subsequent to the parties' briefing on the pending motion, on January 3, 2018, President Trump signed an executive order disbanding the Commission, effective immediately. (ECF No. 39.) As a result of that action, plaintiffs withdrew

their request for a preliminary injunction as to defendants DOJ-OIP and DOJ-OLC, but argued that they would still suffer irreparable harm if DHS was not compelled to produce the requested documents by February 28, 2018.  (ECF No. 40.) Defendants responded on January 12, 2018, and argued that the President's decision to disband the Commission "eliminate[ed] any possible issuance of any report by that body—let alone in May of this year," thereby undercutting the basis of plaintiffs' request.  (ECF No. 41.)

II.    LEGAL PRINCIPLES

Generally, a party seeking preliminary injunctive relief must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The Second Circuit has additionally held that in the absence of a likelihood of success, a party may nonetheless be entitled to preliminary relief if it can demonstrate "sufficiently serious questions going to the merits of its claims to make them fair ground for litigation."  New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015) (quoting Oneida Nation of New York v. Cuomo, 645 F.3d 154, 164 (2d Cir. 2011)).

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'"  Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (quoting Rodriguez v. DeBuono, 175 F.3d

227, 234 (2d Cir. 1999)). "Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" New York ex rel. Schneiderman, 787 F.3d at 660 (quoting Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999)); see also Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (same).

The Court makes its findings on this preliminary injunction motion by a preponderance of the evidence standard. See AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc., 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

III. DISCUSSION

For the reasons stated below, the Court concludes that plaintiffs have not shown by a preponderance of the evidence that they are likely to suffer irreparable harm if preliminary relief is not granted or that the balance of equities tip in their favor. As such, the Court need not address the other prongs required for a preliminary injunction.

A.   Irreparable Harm

It is undisputed that the Commission was disbanded on January 3, 2018. Although plaintiff has argued and proffered credible evidence that many of the Commission's objectives will be pursued by successor entities (including, inter alia, the White House and DHS), there is no longer any possibility that the Commission itself will issue an official report or "make its final recommendations as early as May 2018." (ECF No. 33 at 2-3.) Based on Commission Vice Chair Kris Kobach's

("Kobach") statement that he expects "the bulk of the DHS investigation to be done by midsummer", plaintiffs argue that DHS and the White House intend to "proceed[] on the Commission's original timetable." (ECF No. 40 at 1-2.) But that is largely speculative.

Defendants have proffered evidence in support of their assertion that neither the Commission's records nor state voter data have been transferred to DHS to date, and plaintiff has not proffered any contrary evidence. (ECF No. 41 at 1-2.) Further, Kobach's statement does not establish that DHS or any other agency intends to issue a report and/or findings by "midsummer" 2018, only that he expects "the bulk of the DHS investigation" to be completed by then. As previously noted, irreparable harm "is neither remote nor speculative, but actual and imminent." New York ex rel. Schneiderman, 787 F.3d at 660 (internal quotation omitted). And "a mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991). It is of course possible that DHS and/or the White House will issue some sort of report along the lines of the Commission's original mandate this summer, but that is completely speculative at this point. Plaintiffs have failed to demonstrate by a preponderance of the evidence that there is an "actual and imminent" threat of irreparable harm if DHS does not complete the requested production by July 2018.

B.    Balance of Equities

As to balance of equities, the Court notes that defendants have made substantial efforts to timely produce requested documents to plaintiffs.  Indeed, those efforts have resulted in plaintiffs voluntarily agreeing to production deadlines for five of the six entities at issue here.  The Court hears and understands plaintiffs' argument that production was <u>already</u> delayed at the time this action was filed, and that the purpose of FOIA is to make public records readily available.  But the Court is also cognizant of the administrative challenges inherent in processing a large number of FOIA requests and the time constraints that competing requests and/or court orders can present.

The Court does not conclude in this case that defendants have willfully obstructed plaintiffs' right to access the requested documents.  On the contrary, "five of the six agencies will have completed their productions by March 2018, and the sixth, DHS, will have already made multiple rolling productions." (ECF No. 37 at 2.)  It is natural and understandable that plaintiffs want all records sooner than that, but the Court does not find by a preponderance of the evidence that the balance of equities tips in plaintiffs favor for purposes of the present motion for preliminary relief.  That is especially true given that the Commission has been disbanded.

IV.    CONCLUSION

For the reasons stated above, the Court concludes that preliminary relief is not warranted in this case.  Accordingly, plaintiffs' motion for a preliminary

injunction requiring DHS to produce all responsive documents not later than February 28, 2018 is DENIED.

The Clerk of Court is directed to close all currently open motions.

SO ORDERED.

Dated:     New York, New York
           January 31, 2018

_____
KATHERINE B. FORREST
United States District Judge