UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE,<br>120 Broadway, #1750<br>New York, NY 10271<br><br>THE PROTECT DEMOCRACY PROJECT,<br>INC., 2020 Pennsylvania Avenue, NW, #163<br>Washington, DC 20006,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, 245 Murray Lane, SW<br>Washington, DC 20528<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION, 1800 F Street, NW,<br>Washington, DC 20405<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th Street, NW<br>Washington, DC 20503,<br><br>        Defendants. | Case No. 1:17-cv-06335-KBF<br>Hon. Hon. Katherine B. Forrest |

## **MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Plaintiffs Brennan Center for Justice and the Protect Democracy Project (collectively, "Plaintiffs"), by their counsel, respectfully move the Court for leave to file a Supplemental Complaint under the Freedom of Information Act ("Supplemental Complaint") pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 15(d), and the attached Declaration of Carl N. Wedoff in Support of Plaintiff's Motion for Leave to File a Supplemental Complaint ("Wedoff Declaration"). A true and correct copy of the Supplemental Complaint is attached as

Exhibit 2 to the Wedoff Declaration. Plaintiff commenced this lawsuit on August 21, 2017, filing a complaint against the United States Department of Justice, United States Department of Homeland Security, United States General Services Administration, and Office of Management and Budget (collectively, "Defendants") to compel them to disclose records regarding the "Presidential Advisory Commission on Election Integrity" ("Commission") requested by Plaintiffs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Rule 15(d) of the Federal Rules of Civil Procedure provides that upon motion and reasonable notice, the court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened subsequent to the date of the original pleading. Fed. R. Civ. P. 15(d). The threshold consideration for the district court is whether "the supplemental facts connect the supplemental pleading to the original pleading." *Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2001). It is within the court's discretion to grant leave to supplement a pleading, and leave should be freely granted absent "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

By this motion, Plaintiffs seek to file a Supplemental Complaint in order to address three FOIA requests submitted to Defendant Department of Homeland Security ("DHS"), Defendant Department of Justice, Office of Information Policy ("DOJ-OIP"), and the United States Social Security Administration ("SSA"), which Plaintiff seeks to add as a Defendant in this matter. The request to DHS concerns President Donald J. Trump's January 3, 2018 Executive Order, Exec. Order 13,820, 83 Fed. Reg. 869 (Jan. 8, 2018), which dissolved the Commission and directed DHS to review the Commission's initial findings and determine the next course of action. In the immediate aftermath of the Commission's dissolution, Kris Kobach, the Commission's Vice Chair made numerous public statements suggesting that the Commission's mission and activities will

continue to be undertaken by Defendant DHS, notwithstanding the Executive Order dissolving the Commission. The requests to DOJ-OIP and SSA concern various Commission communications and documents.

There has been no undue delay, bad faith, or dilatory tactics on the part of Plaintiff. Moreover, no prejudice to the Defendant will result from this Court's acceptance of the attached supplemental pleading, and Defendant's counsel has stated that it does not object to the filing of the Supplemental Complaint.

Leave is also appropriate here because the purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) (stating that purpose of pleading "is to facilitate a proper decision on the merits"). Efficiency in this litigation will be promoted by this Court's acceptance of the Supplemental Complaint because it more fully sets forth the current facts relating to Plaintiffs' FOIA requests to Defendants and their subsequent responses than does the Amended Complaint.

For the reasons set forth herein, Plaintiff respectfully requests leave to file the attached Supplemental Complaint.

|  |  |
|---|---|
| Date:   April 12, 2018 | Respectfully submitted,<br><br>/s/ Jeremy M. Creelan<br>Jeremy M. Creelan<br>David W. Sussman<br>Carl N. Wedoff<br>JENNER & BLOCK LLP<br>919 Third Avenue<br>New York, NY 10022<br>Phone: (212) 891-1600<br>jcreelan@jenner.com<br>dsussman@jenner.com<br>cwedoff@jenner.com<br><br>Laurence Schwartztol<br>THE PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Ave., NW #163<br>Washington, DC 20006<br>Phone: (202) 599-0466<br>larry.schwartztol@protectdemocracy.org<br><br>Wendy R. Weiser<br>BRENNAN CENTER FOR JUSTICE<br>  at New York University<br>  School of Law<br>161 Avenue of the Americas<br>New York, New York 10013<br>Phone: (646) 292-8335<br>weiserw@brennan.law.nyu.edu<br><br>*Counsel for Plaintiffs* |