UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE,<br>120 Broadway, #1750<br>New York, NY 10271<br><br>THE PROTECT DEMOCRACY PROJECT,<br>INC., 2020 Pennsylvania Avenue, NW, #163<br>Washington, DC 20006,,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, 245 Murray Lane, SW<br>Washington, DC 20528<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION, 1800 F Street, NW,<br>Washington, DC 20405<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th Street, NW<br>Washington, DC 20503,<br><br>    Defendants. | Case No. 1:17-cv-06335-KBF<br>Hon. Katherine B. Forrest |

I, CARL N. WEDOFF, declare:

    1.    I am over the age of eighteen and not a party to this action. I am an attorney duly admitted to practice in this Court and an associate at Jenner & Block LLP ("Jenner"), counsel of record for Plaintiff in this action. I am fully familiar with this matter and the facts herein.

    2.    On August 21, 2017, Plaintiffs Brennan Center for Justice at New York University School of Law ("Brennan Center") and Protect Democracy Project (together "Plaintiffs") filed a complaint (ECF No. 1) seeking the disclosure of certain agency records that Defendants Office of

88871.1

Management and Budget ("OMB"), the Government Services Administration ("GSA"), the United States Department of Homeland Security ("DHS"), and the United States Department of Justice ("DOJ") had improperly withheld in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The Original Complaint was amended on September 11, 2017 (ECF No. 12).  A true and correct copy of the Amended Complaint is attached hereto as Exhibit 1.

3. Plaintiffs had filed eight FOIA requests (the "Requests"), two requests to each of the four Defendants, seeking records relating to the Presidential Advisory Commission on Election Integrity (the "Commission").  The Commission was established by President Trump via Executive Order 13799 on May 11, 2017.

4. On May 15, 2017 Plaintiffs sent a FOIA Request to Defendant DOJ, specifically to the Office of Information Policy ("DOJ-OIP") and the Office of Legal Counsel ("DOJ-OLC").

5. On July 25, 2017, Plaintiffs sent a second FOIA Request to Defendant DOJ, and specifically, DOJ-OIP, DOJ-OLC, and Civil Rights Division ("DOJ-CRT").

6. For both requests, DOJ failed to make the required determination "whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefore," within 20 business days of receipt of the Requests pursuant to 5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

7. On May 17, 2017 Plaintiffs sent a FOIA Request to Defendant DHS.  Defendant DHS indicated that it would need an additional 10 days to make a determination about the Request.

8. On July 25, 2017 Plaintiffs sent a second FOIA request to Defendant DHS.  By letter dated July 25, 2017, DHS indicated the Request fell within the "unusual circumstances" exception, and that DHS would need to extend its time to respond beyond the ten additional days provided by FOIA.

9. For both requests, DHS failed to make the required determination "whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefore," within 30 business days of receipt of the Requests pursuant to 5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

10. On May 17, 2017, Plaintiffs sent a FOIA request to Defendant GSA. GSA responded to the Request and indicated that it was unable to locate any responsive records within the custody of the agency regarding the Commission since November 8, 2016 through May 10, 2017. GSA further contended that pursuant to the May 11, 2017 Executive Order establishing the Commission, GSA records pertaining to the Commission "are maintained pursuant to the Presidential Records Act (44 U.S.C. Chapter 22) and are not releasable." Plaintiffs appealed.

11. On July 25, 2017, Plaintiffs sent a second Request to GSA.

12. For both the appeal and the second Request, GSA failed to make the required determination "whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefore," within 20 business days of receipt of the Requests pursuant to 5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

13. On May 17, 2017, Plaintiffs sent a FOIA Request to Defendant OMB.

14. On July 25, 2017, Plaintiffs sent a second FOIA Request to OMB.

15. For both Requests, OMB failed to make the required determination "whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefore," within 20 business days of receipt of the Requests pursuant to 5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

16. Having fully exhausted the administrative remedies for their FOIA Requests, Plaintiffs commenced this lawsuit on August 21, 2017 to enforce the remedies and public access to agency records guaranteed by FOIA.

17. Following the commencement of this lawsuit, the following additional events transpired:

18. On October 19, 2017, Plaintiff Brennan Center sent a third FOIA request to Defendant DOJ, specifically to DOJ-OIP, the Office of the Associate Attorney General, and the Office of the Attorney General. Plaintiff Brennan Center requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(ii), (iv). Plaintiff Brennan Center also requested fee waivers pursuant to 5 U.S.C. § 552(a)(40)(A), 28 C.F.R. § 16.5, and 28 C.F.R. § 16.10.

19. Subsequently, DOJ-OIP acknowledged receipt of the request and assigned it reference number DOJ-2018-000412. In a letter dated October 26, 2017, DOJ denied Plaintiff Brennan Center's request for expedited processing under the standard involving "[a]n urgency to inform the public about an actual or alleged federal government activity." 28 C.F.R. § 16.5(e)(1)(ii); *see also* 5 U.S.C. § 552(A)(6)(E)(v)(II). The letter further stated that DOJ was denying Plaintiff Brennan Center's request to expedite on the grounds that the Commission was a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

20. Pursuant to FOIA, Defendant DOJ was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefor," Plaintiffs' right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiffs' appeal rights, within 20 business

4

days of receipt of the third Request – no later than November 24, 2017. 5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

21. To date, Defendant DOJ has failed to make the required determinations and notifications.

22. On October 18, 2017, Plaintiff Brennan Center sent a FOIA request to the Social Security Administration ("SSA") seeking records related to the Commission. Plaintiff Brennan Center requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 20 C.F.R. § 402.140(d) and fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A) and 20 C.F.R. § 402.180.

23. On October 24, 2017, SSA acknowledged receipt of Plaintiff Brennan Center's request and assigned it reference number SSA-2018-000222. SSA also denied expedited processing and fee waivers. On November 4, 2017, SSA also denied Plaintiff Brennan Center's request for a fee waiver.

24. On February 2, 2018, SSA produced three pages of heavily-redacted, responsive emails, evidently from a single email chain.

25. On February 15, 2018, Plaintiff Brennan Center sent a letter to SSA appealing the sufficiency of the production.

26. On March 26, 2018, SSA made its final decision on the Request and denied Plaintiff Brennan Center's appeal.

27. Plaintiff Brennan Center seeks to exercise its rights under FOIA and seeks this Court's review of the appeal.

28. On January 3, 2018, President Trump signed an Executive Order disbanding the Commission. In its official statement announcing the Executive Order, the White House said that President Trump had "asked the Department of Homeland Security to review [the Commission's]

initial findings and determine next courses of action." The White House described the transfer of responsibility from the Commission to DHS as a maneuver designed to quell the "endless legal battles" over the Commission's work.[1]

29.     On January 8, 2018, Plaintiffs sent a FOIA request to DHS seeking additional records related to the Commission, the Commission's dissolution, and DHS' assumption of any operations, tasks, duties, or responsibilities of the Commission. Plaintiffs requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and 6 C.F.R. § 5.11.

30.     On January 10, 2018, DHS acknowledged receipt of Plaintiffs' request, but claimed that the request was "too broad in scope or did not specifically identify the records" Plaintiffs were seeking. DHS instructed Plaintiffs to resubmit the request with additional specificity. DHS also assigned the request reference number 2018-HQFO-00465.

31.     On January 19, 2018, Plaintiffs sent a follow-up letter providing additional information, per DHS's instructions. Plaintiffs further explained the purpose of the request, and submitted a list of search terms for DHS to employ.

32.     On February 12, 2018, DHS acknowledged receipt of the follow-up letter, and denied Plaintiffs' request for expedited processing on the basis the Plaintiffs failed to "establish a particular urgency to inform the public" pursuant to 6 C.F.R. § 5.5(e)(3). DHS further indicated that the Request fell within the "unusual circumstances" exception, and that DHS might need to extend its time to respond beyond the ten additional days provided by FOIA.

---

[1] *Statement by the Press Secretary on the Presidential Advisory Commission on Election Integrity* (Jan. 3, 2018), https://www.whitehouse.gov/briefings-statements/statement-press-secretary-presidential-advisory-commission-election-integrity/.

33. Pursuant to FOIA, within 30 business days of receipt of Plaintiffs' clarified requests – that is, by March 26, 2017 – DHS was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefor," Plaintiffs' right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiffs' appeal rights.  5 U.S.C. § 552(a)(6)(A)(i), (ii) & (B)(i).

34. To date, Defendant DHS has failed to make the required determinations and notifications.

35. The proposed supplemental complaint ("Supplemental Complaint") addresses the additional FOIA requests to Defendants DOJ and DHS, described *supra* in Paragraphs 18 and 29. In addition, the Supplemental Complaint seeks to add SSA as a Defendant to this suit to enforce the remedies and public access to agency records guaranteed by FOIA by seeking review of the agency's final decision on the Request described in Paragraph 22.  A true and correct copy of the Supplemental Complaint attached hereto as <u>Exhibit 2</u>.

36. The Supplemental Complaint is not being filed to cause undue delay, in bad faith or with a dilatory motive.

37. On March 27, 2018, I consulted with Defendants' counsel, Assistant United States Attorney Casey Lee.  Mr. Lee indicated that Defendants do not intend to oppose this motion, on the condition that Defendants SSA, DOJ-OIP, and DHS have 30 days to respond to a supplemental complaint.  Plaintiffs have consented to this condition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 12, 2018
              New York, New York

                                             /s/     Carl N. Wedoff
                                                     Carl N. Wedoff