UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BRENNAN CENTER FOR JUSTICE AT NEW
YORK UNIVERSITY SCHOOL OF LAW; THE
PROTECT DEMOCRACY PROJECT, INC.

                         Plaintiffs,
  -against-

U.S. DEPARTMENT OF JUSTICE; U.S.
DEPARTMENT OF HOMELAND SECURITY;
U.S. GENERAL SERVICES
ADMINISTRATION; OFFICE OF
MANAGEMENT AND BUDGET; U.S. SOCIAL
SECURITY ADMINISTRATION,

                         Defendants.
------------------------------------------------------------ X

**ORDER DENYING MOTION FOR LEAVE TO FILE ADDITIONAL DECLARATIONS IN SUPPORT OF MOTION FOR RECONSIDERATION**

17 Civ. 6335 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant agencies move for leave to file additional declarations in support of a motion for reconsideration of the Court's April 30, 2019 Opinion and Order. According to defendants, the declarations would enable the agencies to "to provide further explanation of the reasonable steps taken regarding any potential employee use of outside systems for official agency business, and the Department of Justice Civil Rights Division's ("DOJ-CRT's") determination that a search of the personal e-mail accounts of its two at-issue employees is unnecessary." The request is denied.

      Local Civil Rule 6.3 "prohibits the filing of affidavits in support of motions for reconsideration or reargument absent court order." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 n.3 (2d Cir. 2011). "A motion for reconsideration may not be used to advance new facts, issues

or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (*See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The factual record closed at the submission of briefs.

Defendants observe that in the FOIA context, other courts, at their discretion, have considered additional declarations in deciding reconsideration motions. *See, e.g., Discepolo v. U.S. Dep't of Justice*, No. 16-cv-2351 (DLF) (GMH), 2018 WL 5024921, at *6 (D.D.C. May 8, 2018). This "supplementation" described in *Discepolo*, however, occurred in the context of a renewed motion for summary judgment, after a report and recommendation requiring the agency to supplement its declaration to "fill [the] gap in its demonstration of the adequacy of its search, either by searching [custodian's] email or by explaining why such a such is unnecessary." *Id.* In that case, the Government ultimately performed an additional search of the email account in question. *Discepolo v. U.S. Dep't of Justice*, No. 16-cv-2351 (DLF), 2018 WL 6620465, at *1 (D.D.C. Nov. 2, 2018).

While "courts often deny an agency's motion for summary judgment based upon vague or conclusory declarations and ask the agency to submit more detailed declarations," it is also true that, "[i]n other cases, courts ask the agency to conduct a more adequate search." *People for the Ethical Treatment of Animals, Inc. v. Bureau of Indian Affairs*, 800 F. Supp. 2d 173 (D.D.C. 2011) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 37 (D.C. Cir. 1998) (remanding to the district court so it could order the agency to conduct a more adequate search)). Having concluded that the search, rather than just the declarations, were inadequate, I conclude that latter course is appropriate here, and further declarations are not indicated at this time.

The clerk is instructed to terminate the motion (ECF 102).

SO ORDERED.

Dated: May 22, 2019
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge