UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
BRENNAN CENTER FOR JUSTICE AT NEW :
YORK UNIVERSITY SCHOOL OF LAW; THE : **OPINION AND ORDER**
PROTECT DEMOCRACY PROJECT, INC. : **DENYING RECONSIDERATION**
:
                            Plaintiffs, : 17 Civ. 6335 (AKH)
   -against- :
:
U.S. DEPARTMENT OF JUSTICE; U.S. :
DEPARTMENT OF HOMELAND SECURITY; :
U.S. GENERAL SERVICES :
ADMINISTRATION; OFFICE OF :
MANAGEMENT AND BUDGET; U.S. SOCIAL :
SECURITY ADMINISTRATION, :
:
                            Defendants. :
:
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2019

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This Freedom of Information Act ("FOIA") case arises in the context of an investigation of alleged voter fraud. Plaintiffs Brennan Center for Justice at New York University School of Law and the Protect Democracy Project, Inc. (collectively, "plaintiffs") made demand under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for the documents of the Presidential Advisory Commission on Election Integrity's ("Commission") work and filed suit against the U.S Department of Justice ("DOJ"), U.S. Department of Homeland Security ("DHS"), U.S. General Services Administration ("GSA"), U.S. Office of Management and Budget ("OMB"), and U.S. Social Security Administration ("SSA") (collectively "defendants" or "Government").

Defendants move for partial reconsideration on the second of two issues in my April 30, 2019 Opinion and Order ("Opinion") granting partial summary judgment to plaintiffs. The Opinion requires defendants first, to adopt additional search terms, and second, to conduct searches of Principal Deputy Assistant Attorney General John Gore ("Gore") and DOJ Attorney Maureen Riordan's ("Riordan") personal email accounts, and to poll relevant agency employees regarding the presence of agency records on private email accounts. ECF 99. For the reasons set forth below, defendants' motion is denied.

## Background

The relevant facts are contained in the April 30, 2019 Opinion. I previously denied defendants' request to file with this instant motion additional declarations from Gore and Riordan, not previously filed and purporting to show that the forwarded emails, and other emails on the account, were personal, not official, communications. ECF 103.

## Discussion

A court may grant reconsideration pursuant to Local Rule 6.3 where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York,* 298 F.R.D. 134, 136 (S.D.N.Y. 2014). "Local Rule 6.3 must be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).

2

"Indisputably, the FOIA extends only to materials qualifying as 'agency records.'" *Wright v. Admin. for Children & Families*, No. CV 15-218, 2016 WL 5922293, at *7 (D.D.C. Oct. 11, 2016) (citing 5 U.S.C. § 552(a)(4)(B)). This inquiry first involves a consideration "whether, when an employee creates a document, that creation can be attributed to the agency under FOIA." *Bureau of Nat. Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1492 (D.C. Cir. 1984). Second, the inquiry considers "whether an agency has sufficient 'control' over a document to make it an 'agency record.'" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 218 (D.C. Cir. 2013). The determination whether a document constitutes an agency record turns on whether a document was created, obtained, or came "into the agency's possession in the legitimate conduct of its official duties." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145 (1989).

Defendants argue that reconsideration is warranted based on my determination that Gore and Riordan's emails were agency records, relating to and used to conduct official agency business. I considered, and rejected, the Government's position. At oral argument, the Government emphasized that the FOIA does not require agencies to produce "personal papers that may 'relate to' an employee's work—such as a personal diary containing an individual's private reflections . . . ." *Bureau of Nat. Affairs*, 742 F.2d at 1493. I addressed this argument and concluded that "[w]e are not talking about private musings or private thinking. We are talking about communications." Transcript ("Tr."), ECF 92, at 18:22–23. The emails, which concern voting integrity, and which were received and created by CRT employees who enforce voting law, "reflect substance related to, and therefore shed[] light on" the conduct of their official duties. *Hyatt v. U.S. Patent & Trademark Office*, 346 F. Supp. 3d 141, 148–49 (D.D.C. 2018).

3

Defendants' remaining arguments rely on the premise that the emails were not agency records. Defendants' position is without merit and contradicts the record in this case.

## Conclusion

Defendants' motion for reconsideration is denied. The clerk is instructed to terminate the motion (ECF 104).

SO ORDERED.

Dated: June 28, 2019
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge