

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

November 18, 2019

By ECF

The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Brennan Center for Justice et al. v. U.S. Dep't of Justice et al.*, 17 Civ. 6335 (AKH)

Dear Judge Hellerstein:

This Office represents the seven defendant agencies and agency components in the above-referenced Freedom of Information Act ("FOIA") matter. As the Court is aware, the parties contested whether certain e-mails that two Department of Justice ("DOJ") employees, including Mr. John Gore, forwarded from their private e-mail accounts to their official DOJ accounts evinced (among other things) a need for DOJ's Civil Rights Division ("DOJ-CRT") to conduct searches of Mr. Gore's and another DOJ employee's private accounts. *See* Dkt. No. 99 at 3, 9-12. The Court concluded that they did. *See id.* at 9-12. In seeking reconsideration of this holding (and in their earlier summary judgment cross-motion), *see* Dkt. Nos. 80, 105, 110, defendants made an offer of proof based on a May 28, 2019, written declaration from Mr. Gore. *See, e.g.*, Dkt. No. 105 at 2 n.1, 8, 13, 16.

DOJ-CRT and our Office recently learned additional information indicating that certain statements in Mr. Gore's declaration (and by extension, defendants' prior motion papers) require correction. Although the Court has already denied both defendants' application for leave to file Mr. Gore's declaration and motion for reconsideration, *see* Dkt. Nos. 103, 111, we seek to correct the record in an effort to prevent any further misunderstandings that may arise from these earlier statements.

First, with respect to Mr. Gore's at-issue e-mails with Mr. Chris Cleveland, *see* Dkt. Nos. 77-22 and 77-23, defendants asserted in their reconsideration motion briefing that Mr. Gore knew Mr. Cleveland from outside his work for DOJ-CRT. Dkt. No. 105 at 8. Mr. Gore informs us that, at the time that he signed his May 2019 declaration, he had no recollection of a March 2017 e-mail thread that he had received from then-Acting Assistant Attorney General Thomas Wheeler, which forwarded allegations of voter fraud from Mr. Cleveland. Further, Mr. Gore reports that he believed that he first came into contact with Mr. Cleveland before he joined DOJ

in January 2017. We understand that, after reviewing the March 2017 e-mail thread, Mr. Gore is now uncertain as to when and how he first came into contact with Mr. Cleveland; Mr. Gore therefore can no longer affirm that he first came into contact with Mr. Cleveland outside of his work for DOJ-CRT.

Next, based on Mr. Gore's declaration, defendants asserted in their reconsideration motion briefing that Mr. Gore did not use his personal e-mail account to conduct his official DOJ-CRT work duties. Dkt. No. 105 at 3, 8, 16. Mr. Gore is now aware, based on searches DOJ-CRT recently performed on his personal e-mail account in another FOIA case, of e-mails in that account that may be deemed agency records under FOIA. Mr. Gore has made those e-mails available to DOJ-CRT's FOIA officer for an independent assessment of whether FOIA requires their disclosure.[1] The DOJ-CRT FOIA officer has completed her assessment and confirmed that none of those e-mails are responsive to Plaintiffs' FOIA requests in this case.

Mr. Gore asks that we convey that he deeply regrets any inconveniences that may have been caused by the above-described issues concerning his May 2019 declaration.

I thank the Court for its attention to this matter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Casey K. Lee
CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

cc: Counsel for Plaintiffs (by ECF)

---

[1] DOJ-CRT's November 9, 2018, declaration in this matter stated that Mr. Gore "did not conduct official business on his private email account." Dkt. No. 84 ¶ 13. That statement is also subject to the correction described herein.

2