**919 THIRD AVENUE NEW YORK, NY 10022-3908**

**JENNER&BLOCK** LLP

November 15, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/19
```

Carl N. Wedoff
Tel +1 212 891 1653
CWedoff@jenner.com

**VIA ECF AND HAND DELIVERY**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007-1312

*[Handwritten note from the judge:]* All production shall be completed by Martin to be completed 12/13/2020: 600 documents produced by Nov. 30, 2019, and 1,000 per month thereafter until completion. 11-19-19 /s/ [initials]

Re: ***Brennan Center for Justice, et al. v. Dep't of Justice, et al.***, No. 17-cv-6335 (AKH)

Dear Judge Hellerstein:

We represent Plaintiffs Brennan Center for Justice and The Protect Democracy Project (together, "Plaintiffs") in the above-referenced Freedom of Information Act lawsuit. We write on behalf of all parties and in accordance with the Court's instruction in the *Opinion and Order Granting Partial Summary Judgment*, dated April 30, 2019. *Brennan Ctr. for Justice v. Dep't of Justice*, 377 F.Supp.3d 428 (S.D.N.Y. 2019)(the "Order"), Dkt. 99.

As you recall, Plaintiffs brought this litigation in August of 2017 to compel Defendants to disclose records responsive to Freedom of Information Act ("FOIA") requests made by Plaintiffs to the Defendant agencies regarding the activities of the Presidential Advisory Commission on Election Integrity ("Commission"). In October and November 2018, Plaintiffs and Defendants submitted cross motions contesting the sufficiency of Defendants' productions. On April 30, 2019, the Court issued the Order, directing Defendant Department of Justice's Civil Rights Division ("DOJ-CRT") to conduct searches of two custodians' private email accounts. *Id.* at 435-36. The Order also directed Defendants Department of Homeland Security ("DHS") and Office of Management and Budget ("OMB") to conduct additional searches for responsive records using Court-ordered search terms. *See id.* at 434-35. The Court instructed the parties to "meet and agree to a reasonable timeline for Defendants' production and, failing agreement, report to the Court by joint letter their items of disagreement." *Id.* at 436. Subsequently, Defendants moved for reconsideration, and the Court denied their motion on June 28, 2019. 2019 WL 2717168 (S.D.N.Y. June 28, 2019) (Dkt. 111).

- The parties worked diligently to come to an agreement concerning DOJ-CRT's search and production of private emails. After substantial, months'-long negotiations through counsel, DOJ-CRT agreed last week to complete production of 15 email chains to Plaintiffs by November 18, 2019.

Hon. Alvin K. Hellerstein
November 15, 2019
Page 2

- On August 9, 2019, DHS completed production of documents responsive to the Court-ordered search terms.

- The only item on which the parties have been unable to reach agreement is Defendant OMB's production schedule. On August 14, 2019, OMB informed Plaintiffs that the Court-ordered search terms had identified approximately 4,300 potentially responsive documents. OMB advised that it ordinarily processed documents for FOIA requests in litigation at a rate of approximately 300 documents per month, but was willing to double that rate, to about 600 documents per month, if Plaintiffs agreed to that processing rate and resulting time for completion. On September 17, 2019, Plaintiffs notified OMB that they would not agree to OMB's proposal. As a result, OMB has continued to process the potentially responsive documents at a rate of about 300 documents per month. Plaintiffs believe that OMB's timeline is unreasonable. Given that additional search was ordered on April 30, 2019, and the substantial time that has already passed, Plaintiffs believe OMB should be ordered to complete its review of the 4,300 documents and production of responsive records no later than December 13, 2019. OMB's position is that it is infeasible for OMB to process the remaining potentially responsive documents within a month, particularly in light of OMB's limited resources, which are already strained with ten FOIA cases currently in litigation with either a court-imposed or court-approved rolling production schedule, as well as a backlog of over 600 FOIA requests in the queue. For these reasons, OMB maintains that its offer to double its standard rate of review in this case is reasonable and complies with FOIA's requirements.

Pursuant to the Order, the parties file this joint letter to report this outstanding item of disagreement regarding the Court's Order. Following the completion of all Defendants' productions, the parties intend to submit a separate letter outlining any remaining disputes in this action and proposing a briefing schedule for their resolution.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Carl N. Wedoff
Carl N. Wedoff

cc: Assistant U.S. Attorney Casey Lee (via ECF)